**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LILIANA PENA-LOSA, AKA Liliana Gomez Gomez, | No. 19-72332 |
| Petitioner, | Agency No. A098-216-880 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021**

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Liliana Pena-Losa, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for withholding of removal

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

under 8 U.S.C § 1252.  We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020).  We review for substantial evidence the agency's factual findings.  *Id*. at 1241.  We deny the petition for review.

The agency did not err in concluding that Pena-Losa did not establish membership in a cognizable particular social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular social group, an applicant must "establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding the proposed social group "returning Mexicans from the United States" lacked particularity).

Substantial evidence supports the agency's determination that Pena-Losa otherwise failed to establish that the harm she experienced or fears was or would be on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a

2

protected ground").

Thus, Pena-Losa's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Pena-Losa failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1034-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief).

We reject as unsupported by the record Pena-Losa's contention that the agency failed to consider evidence.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**